IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA E. ARCHULETA,
On Her Own Behalf and On Behalf
of All Similarly Situated Individuals,

       Plaintiff,

v.                  Civ. No. 05-388 JH/WDS

MERCK & CO., INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

  This matter comes before the Court on *Plaintiff's Objection to the Magistrate's May 25, 2005 Order Staying the Case* [Doc. No. 14]. The primary issue raised by the motion is whether United States Magistrate Judge W. Daniel Schneider's decision granting Defendant Merck & Co., Inc.'s ("Merck") motion to stay all proceedings in this case pending transfer to the multidistrict litigation ("MDL") court was clearly erroneous or contrary to law.

  Plaintiffs argues that Judge Schneider erred by following the approach taken by United States District Judge M. Christina Armijo in *Pace v. Merck and Co., Inc.,* Civ. No. 04-1356 MCA/ACT, a products liability case involving the drug VIOXX that is similar to the present proceeding in many relevant aspects. In *Pace*, Judge Armijo found that the risk of hardship to Merck absent a stay far outweighed any prejudice likely to be caused to the plaintiffs (of whom Patricia Archuleta, the Plaintiff in this case, was one) as the result of a stay. Judge Armijo also determined that consolidation of the numerous pending VIOXX cases would conserve judicial resources and promote judicial economy. Plaintiff contends that in determining how to address contemporaneous motions to stay

and to remand, Judge Schneider should have rejected Judge Armijo's reasoning and instead adopted the approach used by Chief United States District Judge Martha Vázquez in *New Mexico State Investment Council v. Alexander*, Civ. No. 04-520 MV/ACT.  However, Plaintiff admits that the Tenth Circuit Court of Appeals has not addressed the issue, nor has it adopted the approach used by Judge Vázquez in *Alexander*.

In the absence of controlling circuit law, Judge Schneider was free to exercise the discretion that is inherent in the Court's power to efficiently control its docket.  In so doing, he followed Judge Armijo's lead.  Because the Court finds neither clear error nor any violation of clearly established law in Judge Schneider's decision, the May 25, 2005 Order will be affirmed.

IT IS THEREFORE ORDERED that *Plaintiff's Objection to the Magistrate's May 25, 2005 Order Staying the Case* [Doc. No. 14] is DENIED.

_____
UNITED STATES DISTRICT JUDGE